UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MARGARET G. DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>TRUIST BANK, INC., *as the successor of* BB&T Financial, FSB,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 6:26-CV-165-REW-HAI<br><br>OPINION & ORDER |

*** *** *** ***

Defendant Truist Bank (incorrectly sued as "Truist Bank, Inc.") ("Truist") moves to dismiss Plaintiff Margaret G. Davis's complaint and/or amended complaint for failure to comply with the requirements of KRS § 382.365(4). *See* DE 12. Because Davis has not fulfilled her statutory obligations, the Court GRANTS DE 12.

## I. BACKGROUND

In April 2026, Davis initiated the instant lawsuit in Laurel Circuit Court. *See* DE 1-1. She alleges that she is the fee simple owner of a property located in Laurel County, Kentucky. *See* DE 1-1 ¶ 4. The parties agree that the property was encumbered with a judgment lien asserted by Truist's predecessor, BB&T Financial, and that the judgment lien was properly recorded with the Laurel County Clerk. *See id.* ¶ 5.

Davis asserts that the judgment lien was satisfied on or before May 25, 2018. *See id.* ¶ 5. However, no release followed. *See id.* ¶ 6. On October 6, 2025, Davis claims that Truist received "actual written notice via certified United States mail . . . of [its] failure to make a timely and compliant release of said Notice of Judgment Lien." *See id.* ¶ 9. Because Truist never provided good cause for its failure to make a timely release of the judgment lien, Davis argues that she is

entitled to prevail on her lien release claim under KRS § 382.365. *See id.* ¶¶ 10–11. Davis has also filed a notice that was sent to Richard B. Alphin—the registered agent for service in Kentucky for lawyers Lloyd & McDaniel, PLC ("Lloyd & McDaniel")—via certified mail on October 2, 2025. *See* DE 9-3; DE 9-4. It is undisputed that Lloyd & McDaniel previously represented BB&T Financial. *See* DE 13 at 8 n.7.

On May 22, 2026, Truist removed this action pursuant to the Court's diversity jurisdiction. *See* DE 1. On June 4, 2026, Davis filed what she termed an amended complaint. *See* DE 9. Soon after, Truist filed its motion to dismiss. *See* DE 12. In the motion, Truist asserts that Davis failed to comply with the strict statutory requirements of § 382.365(4). *See* DE 13 at 4–10. Davis responded in opposition, asserting that Lloyd & McDaniel is a registered agent for process. *See* DE 25 at 10–14. And Truist filed a reply reiterating its previous contentions. *See* DE 28.

## II. LEGAL STANDARD

A party may move to dismiss an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6); *see also id.* at 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Crucially, when evaluating a Rule 12(b)(6) motion, the Court is required to "accept all the [non-moving party's] factual allegations as true and construe the [pleading] in the light most favorable to the [non-moving party]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005).

In order "[t]o survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). If the non-moving party's pleading fails to do so, or if the non-moving party is barred

from recovering on its claim as a matter of law, then dismissal is warranted. *See League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1969). While the non-moving party's pleading need not include detailed factual allegations, it must include something "more than labels and conclusions." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487–88 (6th Cir. 2014) (quoting *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012)). And although well-pleaded factual allegations should be assumed as true, those allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Bredesen*, 500 F.3d at 527 (quoting *Twombly*, 127 S. Ct. at 1965).[1]

## III. ANALYSIS

Initially, the Court notes that it will not consider Davis's amended complaint. The Court then determines that Davis's failure to meet the strict statutory requirements of KRS § 382.365(4) entitles Truist to its requested relief. Accordingly, the complaint is dismissed with prejudice.

### A. The Court Will Not Consider Davis's Amended Complaint

The Court begins by identifying the operative pleading. Certainly, Davis did *attempt* to file an amended complaint. *See* DE 9. However, that filing did not occur within "21 days after serving [the initial pleading], or . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." FED. R. CIV. P. 15(a)(1); *see also id.* at 81(c)(2) (discussing post-removal timing requirements for pleadings). As a result, Davis was not permitted

[1] When assessing a pleading's facial plausibility, the Court may consider exhibits contained in the record "so long as they are referred to in the complaint and are central to the claims contained therein." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). Doing so does not convert a Rule 12(b)(6) motion into a motion for summary judgment. *See id.* (citing *Bassett*, 528 F.3d at 430). For that reason, the Court will consider the purported notice at issue here.

to amend her complaint "as a matter of course." *Id.* at 15(a)(1).[2] And because Davis did not secure either "the opposing party's written consent or the court's leave," *id.* at 15(a)(2), she otherwise failed to comply with Rule 15.

Thus, the Court will treat Davis's initial complaint, *see* DE 1-1, rather than her amended complaint, *see* DE 9, as the operative pleading. Of course, this does not have any effect on the ultimate result; both versions of the complaint raise an identical substantive claim and fail for the same reason. Further, the Court emphasizes that it is not construing Davis's failure to comply with Rule 15 as an absolute bar to relief. If Davis's complaint had survived the present motion, the Court would have allowed her to file for leave to amend the pleading consistent with the Supreme Court's instructions. *See Foman v. Davis*, 83 S. Ct. 227, 230 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). The original and amended pleadings have the same flaw, and each is or would be subject to dismissal.

### B. Dismissal Is Warranted Given Davis's Failure to Comply with Statutory Requirements

Now, to the merits. The case centers on an unreleased lien held by Truist's predecessor in interest. Davis seeks to employ a statute meant to spur release recordation and penalize the languid lienholder. Davis raised non-release and tries to hook Truist under the statute, but Truist contends that Davis's failure to provide proper notice defeats her claim. *See* DE 13 at 4–10. In relevant part, § 382.365(4) reads:

[2] Kentucky has a more forgiving rule, at CR 15.01, but upon removal, the federal rules kicked in per Rule 81(c)(1).

> If the court finds that the lienholder received written notice of its failure to release and lacked good cause for not releasing the lien, the lienholder shall be liable to the owner of the real property or to a party with an interest in the real property in the amount of one hundred dollars ($100) per day for each day, beginning on the fifteenth day after receipt of the written notice, of the violation for which good cause did not exist. This written notice shall be properly addressed and sent by certified mail or delivered in person to the final lienholder or final assignee as follows:
>
> (a) For a corporation, to an officer at the lienholder's principal address or to an agent for process located in Kentucky; however, if the corporation is a foreign corporation and has not appointed an agent for process in Kentucky, then to the agent for process in the state of domicile of the corporation . . . .

The parties agree that Truist is a foreign corporation. *See* DE 1-1 ¶ 11; DE 13 at 6–7. As a result, any notice that Davis provided was required to comply with § 382.365(4)(a) as involves a foreign corporation. Davis pursues over $94,000 in penalties plus attorney fees.

In instances where a Kentucky statute includes a notice requirement, "the Court is to assume that the General Assembly intended the statute to mean exactly what it says." *Bratton v. CitiFinancial, Inc.*, 415 S.W.3d 625, 628 (Ky. 2013); *see also Todd v. Nationstar Mortg., LLC*, No. 5:25-CV-140, 2025 WL 2618949, at *3 (E.D. Ky. Sept. 10, 2025) (denying lien release claim under § 382.365 based on a "failure to provide the type of notice required by the statute"). Accordingly, Davis's written notice must necessarily have been: "(1) properly addressed; (2) delivered in person or via certified mail; (3) to the final lienholder or assignee." *Whitman v. CitiMortgage, Inc.*, No. 6:20-CV-254, 2022 WL 4350260, at *3 (E.D. Ky. Sept. 19, 2022).

And although Davis's notice met the second criterion, it failed the first and third criteria. In the complaint, Davis admits that Truist "was formed on December 7, 2019, by the merger of [BB&T Financial] and SunTrust Bank, Inc." *See* DE 1-1 ¶ 8 n.1. As a result, Truist was the final lienholder when Davis mailed her relevant notice on October 2, 2025.[3] *See* DE 9-3; DE 9-4.

[3] This fact renders the instant case distinct from a prior matter that the undersigned adjudicated. *Cf. Whitman*, 2022 WL 4350260, at *3–5. In *Whitman*, there was a genuine dispute as to whether the defendant

However, that notice (and what Davis relies on) was delivered to Alphin, who is neither an officer at Truist's principal address nor Truist's agent for process in Kentucky. Alphin was counsel to the lienholder when the lien came to be and when the satisfaction occurred. *See* DE 1-1, at 12-14 (in May 2018, for the latter). Davis does not even allege lienholder agent status, as to Alphin, in her complaint, asserting that Truist "is a North Carolina corporation and [its] registered agent for service of process in [Kentucky] is the entity Corporation Service Company with an address of 315 High Street, Frankfort, KY 40601." *See* DE 1-1 ¶ 2. Under controlling Kentucky law, Davis's non-compliance with § 382.365 is dispositive. *See Bratton*, 415 S.W.3d at 630 (noting that § 382.365 must be read strictly and that courts must, as a general matter, give proper effect to legislative intent). Davis does not allege satisfaction of the required notice which, for a foreign corporation, would be to Truist's agent for process[4] in Kentucky.

In response, Davis gestures at KRS § 426.720(5) for the proposition that "service may be had upon the judgment creditor by serving . . . the judgment creditor's counsel" in "action[s] involving real property . . . subject to a judgment lien." *See* DE 25 at 12. But there are two fundamental flaws with Davis's position. First, Davis only alleges that Lloyd & McDaniel was BB&T Financial's counsel—not Truist's counsel. *See* DE 1-1 ¶ 7. Second, § 426.720(5) plainly sets rules for service of process in litigation concerning "real property which is subject to a judgment lien." That is not this case, which involves failure to record the release of a prior lien under the mechanics and in pursuit of the remedy within § 382.365. Additionally, Truist's motion

---

was the final lienholder on account of its delayed recordation. *See id.* Davis, however, does not make a similar claim in the present case. *See generally* DE 1-1.

[4] *See also* KRS § 14A.4-040 (designating a foreign entity's "registered agent" as its "agent for service of process"). Plaintiff directly avers that Truist, as BB&T's successor, is the "owner and holder of said Notice of Judgment Lien and the only entity authorized to release same." DE 1-1 ¶ 6. Despite that, Plaintiff notified not Truist, via it's designated agent for process, but rather BB&T's prior lien counsel. The statute simply does not recognize such notice as authorized or effective.

is not based on any purported failure of service; rather, it is based on Davis's failure to comply with the substantive requirements of § 382.365(4)(a). Davis has no rebuttal to that latter criticism. Compliance is a statutory requisite, and Plaintiff's failure to effect notice properly prevents the statutory remedy from ripening. As a result, the Court finds dismissal apt.

## IV. Conclusion

Accordingly, the Court ORDERS as follows:

1. The Court GRANTS DE 12 and DISMISSES the complaint with prejudice;
2. The Court DIRECTS the Clerk to strike this matter from the active docket; and
3. The Court will enter a separate Judgment contemporaneously with this Opinion & Order.

This the 26th day of October, 2026.

**Signed By:**
***Robert E. Wier*** *REW*
**United States District Judge**